## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## (WORCESTER COURTHOUSE)

| | |
|---|---|
| ARIELLE ATTIAS | * |
| | * |
| *On Behalf of Herself and All* | * |
| *Other Similarly Situated Individuals* | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | * Case No.: |
| | * |
| PJD ENTERTAINMENT OF WORCESTER, INC. | * |
| D/B/A CENTERFOLD'S | * |
| | * |
| and | * |
| | * |
| RICHARD McCABE, | * |
| | * |
| DEFENDANTS. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      This is a class and collective action brought by Plaintiff Arielle Attias ("Plaintiff") against Defendant PJD Entertainment of Worcester, Inc. d/b/a Centerfold's Gentlemen's Club located at 229 South West Cutoff Worcester, Massachusetts 01604 (hereafter "The Club") and its individual owner and controlling officer Ricard McCabe, individually ("McCabe") (together, "Defendants")

2.      The class and collective is composed of female employees who, during the relevant time period of May 2017 through the date of judgment in this case ("the relevant period"), worked as exotic dancers for Defendants at their Centerfold's Gentlemen's Club in Worcester, Massachusetts, and were denied their fundamental rights under applicable state and federal laws.

3.      Specifically, Plaintiff complains that Defendants misclassified Plaintiff and all other members of the class and collective as "independent contractors."

4.      As a result, Defendants unlawfully deducted and assigned wages, tips, and gratuities belonging to Plaintiff and other members of the class and collective and failed to pay Plaintiff and all other members of the class and collective minimum wage compensation.

5.      On a class-wide basis, Defendants willfully and intentionally violated the wage payment and wage/gratuity retention rights of Plaintiff and all other exotic dancers at the Centerfold's Club in direct violation of the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Massachusetts Minimum Wage Law, Mass. Gen. L. C. 151 §§ 1 and 7 ("MMWL"), and the Massachusetts Tips Law, Mass. Gen. L. c. 149 § 152A ("MTL").

6.      Plaintiff brings this class and collective action against Defendants seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

7.      Plaintiff is an adult resident of Milford, Massachusetts.

8.      Plaintiff hereby affirms her consent to participate as a plaintiff and class representative in a class and collective action under the FLSA, MMWL, and the MTL.

9.      The Club is a corporation, formed under the laws of Massachusetts, and operates as Centerfold's, a strip club operating in Webster, Massachusetts.

10.     At all times, McCabe, individually and through his officers, managers, supervisors, and other employees and contractors, controlled and dictated the day-to-day operations of the Centerfold's club.

11.     At all times, McCabe, individually and through agents and assigns, supervised and directed the employment of Plaintiff and other exotic dancers.

12.     At all times, McCabe, individually and through agents and assigns, had the power to hire,

2

discipline, suspend, or terminate the employment of Plaintiff and other exotic dancers.

13.     Both Defendants qualified as Plaintiff's employer and the employer of all other exotic dancers at Defendants' Centerfold's club, within the meaning of the FLSA, MMWL, and the MTL.

14.     During the relevant period, Defendants had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

15.     This Court has personal jurisdiction over The Club, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated MMWL and MTL state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

16.     Plaintiff was employed by Defendants as an exotic dancer at Defendants' Centerfold's strip club for the period of June 2019 through about January 2020.

17.     During the period of Plaintiff's employment, the number of shifts Plaintiff worked varied from week to week.

18.     During the period of Plaintiff's employment, the exact number of hours Plaintiff worked varied from week to week.

19.     On average, Plaintiff worked twenty-eight (28) or more hours per week.

20.     On information and belief, Defendants have possession of time and/or sign in "house fee" payment records for Plaintiff and all other exotic dancers employed by Defendants at the Centerfold's club during the relevant period.

21.     At all times, Defendants have actual knowledge of all hours Plaintiff and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers

monitoring and supervising Plaintiff's work duties and the work duties of other exotic dancers at the Centerfold's club.

22.    At no time during Plaintiff's period of employment did Defendants ever pay Plaintiff or any other exotic dancers any wages for hours that Plaintiff and other exotic dancers worked each week.

23.    At all times relevant, Defendants totally failed to pay wages or any kind of compensation to Plaintiff and all other exotic dancers for work duties performed.

24.    At all times relevant, Defendants misclassified Plaintiff and all other exotic dancers at the Centerfold's club as independent contractors when these individuals should have been classified under the FLSA, MMWL, and the MTL as employees.

25.    At all times, Defendants controlled all aspects of the job duties Plaintiff and all other exotic dancers performed inside the Centerfold's club through employment rules and workplace policies.

26.    At all times, Defendants controlled the method by which Plaintiff and all other exotic dancers could earn money at the Centerfold's club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

27.    At all times, Defendants required Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

28.    Defendants hired Plaintiff and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

29.    Defendants, through supervisors and managers, supervised the duties of Plaintiffs and all other exotic dancers to make sure their job performance was of sufficient quality.

30.     Defendants conducted initial interviews and vetting procedures for Plaintiff and other exotic dancers and, at Defendants' sole discretion, Defendants' management and/or ownership could deny any Plaintiff or any other dancer access or ability to dance and/or work at the Centerfold's club.

31.     At all times, Defendants had the right to suspend or send Plaintiff or other exotic dancers home and away from the Centerfold's club if Plaintiff or other dancers violated rules or policies or if Defendants' ownership or management, at its discretion, did not want Plaintiff or any other dancer at The Club.

32.     As a condition of employment with Defendants, Plaintiff and other dancers were not required to have or possess any requisite certification, education, or specialized training.

33.     At all times relevant, Defendants were in the business of operating a strip club featuring exotic dancers and at all times it was the job duty of Plaintiff and other exotic dancers to perform as exotic dancers for Defendants' customers.

34.     In addition to failing to pay Plaintiff and all other exotic dancers any wages for hours worked, Defendants required Plaintiff and all other exotic dancers to pay Defendants a per-shift house fee or kickback of $50.00 or more for each shift worked.  Defendants also required Plaintiff and other dancers to pay at least $20.00 of their per-shift tips to Defendants' DJ and other non-dancer / non-customarily tipped employees.

35.     As part of their job duties at the Centerfold's Club, Plaintiff and other exotic dancers customarily performed private and semi-private dances for Defendants' customers.

36.     Per Defendants' club policy, when Plaintiff and other dancers performed private and semi-private dancers, Defendants' customer paid Plaintiff or the other exotic dancer a club-set fee or charge for the performance of the private or semi-private dance.  Thereafter, and without the

5

customer's knowledge or consent, Defendants assigned and deducted about 30%-50% of the dance charge and kept the money for Defendants' own use and benefit.

37.     At all times during the relevant period, without legal excuse or justification, Defendants regularly and customarily kept and/or assigned tips or gratuities Plaintiff and other exotic dancers received from Defendants' customers and took this money to pay Defendants' management and non-tipped employees.

38.     For at least the past twenty (20) years, gentlemen's clubs like Defendants' Centerfold's Club have been sued in Massachusetts and elsewhere for misclassifying exotic dancers as independent contractors and failing to pay minimum wage compensation to exotic dancers as required by the FLSA and state wage and hour laws.

39.     On information and belief, Defendants and their management had actual or constructive knowledge of ongoing or past litigation by exotic dancers against strip clubs like the Centerfold's club in which the exotic dancers challenged their independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA state wage and hour laws.

40.     On information and belief, Defendants and their management had actual or constructive knowledge that Plaintiff and other exotic dancers at the Centerfold's club were employees and not independent contractors.

41.     On information and belief, Defendants and their management had actual or constructive knowledge that Plaintiff and other exotic dancers at the Centerfold's club were owed and should have been paid minimum wage compensation under the FLSA, MMWL, and the MTL.

42.     For the entire time period relevant to this action, Defendants had actual or constructive knowledge Defendants misclassified Plaintiff and other exotic dancers at the Centerfold's club as independent contractors instead of as employees and that Defendants' failure to pay wages and

charging unlawful kickbacks to Plaintiff and other exotic dancers was in direct violation of the FLSA, the MMWL, and the MTL.

## CLASS ALLEGATIONS

43.    Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44.    The Rule 23 Class ("the Class") is defined in this matter as:

*    Any individual, who at any time during the relevant time period, worked as an exotic dancer for Defendants at the Centerfold's Club;

*    Who was misclassified by Defendants as independent contractors;

*    Who was not paid minimum wage compensation as required by the Massachusetts law; and/or

45.    Who was subject to unlawful wage/gratuity deductions or assignments by Defendants or their agents or assigns (hereinafter, "the Class").

46.    On information and belief, the Class are believed to exceed fifty (50) current and former exotic dancers at Defendants' Centerfold's Club and is therefore so numerous that joinder of all members is impracticable.

47.    There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members, including, but not limited to:

*    Whether Defendants violated Massachusetts law by classifying all exotic dancers at the Centerfold's Club as "independent contractors," as opposed to employees, and not paying minimum wage compensation at least equal to the applicable Massachusetts Minimum Wage;

*    Whether Defendants unlawfully required class members to pay Defendants money

or kickbacks as a condition of working shifts at the Centerfold's Club;

\* Whether Defendants unlawfully required class members to split their tips and/or private and semi-private dance fees with Defendants and and/or Defendants' managers;

\* Whether the monies given to dancers by patrons when they perform private and semi-private dances are gratuities or "service fees."

\* Whether Defendants violated the MMWL and/or the MTL; and

\* The amount of damages and other relief (including statutory liquidated damages) owed by Defendants to Plaintiff and the Class.

48. Plaintiff's claims are typical of those of the Class.

49. Plaintiff, like other members of the Class, was misclassified as an independent contractor and denied her rights to wages and gratuities by Defendants under the MMWL and the MTL.

50. Defendants' misclassification of Plaintiff and denial of her rights to wages and gratuities was done pursuant to a common business practice which affected all Class members in a similar way.

51. The named Plaintiff and the undersigned counsel are adequate representatives of the Class.

52. Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class.

53. Plaintiff has no interests that are antagonistic to those of the Class or that would cause them to act adversely to the best interests of the Class.

54. Plaintiff has retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

55. This action is maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and

23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

56.     This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

57.     Plaintiff is pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of herself and all other similarly-situated individual who at any time during the relevant time period worked for Defendants as an exotic dancer at Defendants' Centerfold's club and was designated as an independent contractor and was not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

58.     Plaintiff and the members of the Collective are similarly-situated because each were (1) improperly classified as independent contractors; (2) were not paid any wages by Defendants for hours worked; (3) were victims of tip theft whereby Defendants kept and/or assigned to management their tips and gratuities received from customers; (4) were required to pay per-shift house fee or kickback to Defendants for each shift worked; and (5) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

59.     Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendants for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendants and/or Defendants' management; (3) payment for all hours worked in an

amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendants' failure to pay minimum wage compensation as required by the FLSA.

60.     On information and belief, Defendants has employed at least fifty (50) current and former exotic dancers at Defendants' Centerfold's Club in the past three (3) years.

61.     On information and belief, Defendants are in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendants at the Centerfold's Club in the past three (3) years.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
#### (Failure to Pay Statutory Minimum Wages)

62.     Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

63.     The FLSA required Defendants to pay Plaintiff and other similarly-situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

64.     The FLSA required that Defendants allow Plaintiff and other similarly-situated exotic dancers to keep all tips and gratuities received from customers.

65.     As set forth above, Defendants failed to pay Plaintiff and other similarly-situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

66.     Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

67.     Defendants' failure to pay Plaintiff and other similarly-situated exotic dancers as required

by the FLSA was willful and intentional and was not in good faith.

## COUNT II
## VIOLATION OF MASSACHUSETTS MINIMUM WAGE LAW
### (Failure to Pay Statutory Minimum Wage)

68.     Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

69.     The MMWL required Defendants to pay Plaintiff and other similarly-situated exotic dancers at an hourly rate at least equal to the Massachusetts Minimum Wage.

70.     The MMWL required that Defendants allow Plaintiff and other similarly-situated exotic dancers to keep all tips and gratuities received from customers.

71.     As set forth above, Defendants failed to pay Plaintiff and other similarly-situated exotic dancers at hourly rates in compliance with the MMWL Massachusetts Minimum Wage requirements.

72.     Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

73.     Defendants' failure to pay Plaintiff and other similarly-situated exotic dancers as required by the MMWL was willful and intentional and was not in good faith.

## COUNT III
## VIOLATION OF THE MASSACHUSETTS TIPS LAW
### (Unlawful Wage Deductions and Assignments of Customer Tips)

74.     Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

75.     The MTL forbids unlawful and unauthorized deduction and/or assignment by Defendants of moneys provided by customers to and Plaintiff and other exotic dancers.

76.     As set forth above, without legal excuse or justification, Defendants regularly and customarily deducted, assigned, and/or kept moneys paid by customers to Plaintiff and other exotic dancers as a gratuity or tip or as customer payment for a stage dance and/or a performance of a private or semi-private dance in designed VIP areas of the Centerfold's Club.  This money was deducted, assigned, and/or kept by Defendants or their agents notwithstanding that it was the intent of the customer that Plaintiff or the other exotic dancer receive and keep the money.

77.     Defendants' unlawful deductions and assignments from of Plaintiff and other similarly-situated exotic dancers was willful and intentional and was in direct violation of protections set forth under the MTL.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of those similarly-situated, prays for relief as follows:

A. Permitting Plaintiff's Class claims under the MMWL and MTL to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendants for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly-situated individuals as required by the MMWL;

D. Judgment against Defendants for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly-situated individuals as required by the FLSA;

E. Judgment against Defendants for unlawfully taking and/or assigning tips and gratuities and other monies paid by customers to Plaintiff and other similarly-situated individuals and

belonging to Plaintiff and other similarly situated individuals in violation of the MTL;

  F. Judgment against Defendants for unlawfully taking deductions, kickbacks, fees, fines, and assignments from wages of Plaintiff and other similarly situated individuals in violation of the MTL.

  G. Judgment that Defendants' violations of the MMWL and MTL minimum wage and wage payments requirements were not the product of good faith on the part of Defendants;

  H. Judgment that Defendants' violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendants;

  I. Judgment that Defendants' violations of the MMWL and MTL minimum wage and wage payment requirements were willful;

  J. Judgment that Defendants' violations of the FLSA minimum wage requirements were willful;

  K. An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly-situated individual;

  L. An award to Plaintiff and those similarly-situated in the amount of all tips and gratuities and other related monies unlawfully taken and/or assigned by Defendants and/or Defendants' management;

  M. An award to Plaintiff and those similarly-situated in the amount of all deductions, kickbacks, fees, fines, and assignments from wages taken and/or assigned by Defendants and/or Defendants' management;

  N. An award of statutory liquidated damages in amounts prescribed by the MMWL;

  O. An award of statutory liquidated damages in amounts prescribed by the MTL.

  P. An award of statutory liquidated damages in amounts prescribed by the FLSA;

Q. An award of attorneys' fees and costs to be determined by post-trial petition;

R. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

S. Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: May 15, 2020

/s/ Michael D. Pushee
Michael D. Pushee (#657343)
Formisano & Co., P.C.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691 (ph)
E-mail: mpushee@formisanoandcompany.com

/s/ Gregg C. Greenberg
Gregg C. Greenberg (MD Fed. Bar No. 17291)
(To Be Admitted *Pro Hac Vice*)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class / Collective*

## **CERTIFICATION**

I hereby certify that the within document has been electronically filed with the Court on this 15th day of May, 2020 and is available for viewing and downloading from the ECF system.

/s/ Michael D. Pushee

14